Hyman Korn, J.
Petitioner moves for judgment prohibiting the Judges of the Criminal Court of the City of New York from prosecution of proceedings presently pending in that court upon the ground that it has no jurisdiction of License Department violations because of the department’s pre-emption, and such prosecution would subject the petitioner to double jeopardy upon identical charges heard and determined by the License Department.
Respondents cross-move for dismissal upon the ground that it appears from the allegations of the petition that it does not state facts sufficient to entitle the petitioner to any relief.
Petitioner conducts a licensed parking lot. He was served with two summonses, returnable in the Criminal Court, charging violations on July 8 and December 16, 1964, of the Administrative Code (§ B32-259.0), collecting a fee for parking, and allowing cars to be parked on the public highway in violation of posted signs. The Commissioner of Licenses filed a similar complaint and, after hearing, the charges were sustained and fines imposed, which were paid. Petitioner contends that the criminal prosecution still pending will put him in double jeopardy.
Section B32-261.0 of the Administrative Code provides: “ Any person who shall violate or fail to comply with any provision of this article or any rules or regulations promulgated thereunder shall, upon conviction thereof, be punished by a fine of not more than two hundred fifty dollars for each offense or by imprisonment for not more than thirty days or by both.” *412 In addition, section 773a-7.0 (ch. 32, tit. A) provides: “ The commissioner is empowered to hear and determine complaints against licensees, and to suspend or revoke any license or permit issued by him ” and subdivision b provides for the imposition of: “ a fine of not more than twenty-five dollars or less than one dollar for any violation of the provisions of this chapter. Each such official shall have power to suspend a license pending the payment of such fine. ’ ’
Double jeopardy may not be predicated on departmental trials. It is applicable to criminal proceedings only and a departmental trial is not a criminal prosecution (McGillicuddy v. Monaghan, 201 Misc. 650). In Consolidated Edison Co. of N. Y. v. Murtagh (280 App. Div. 221), there was violation of the Bules and Begulations of the Bureau of Smoke Control. A criminal prosecution was initiated thereon. It was contended that the Bureau of Smoke Control jurisdiction was primary, and that criminal prosecution could not be resorted to in the first instance. The court stated (p. 222): “ Whether it was also the contemplation to make the jurisdiction of the smoke control board primary and bar a prosecution in the Magistrate’s Court in the first instance is the question before us ”. While the question was not directly presented whether prosecution could follow a trial before the bureau, there is some implication it could. The question appears to be answered in Darweger v. Staats (267 N. Y. 290, 306). There the court stated: “ More and more must the laws become general in form, leaving to commissions, boards or other administrative bodies the establishment of rules and regulations and the determination of the facts to which the general law will apply. To make the violation of any such adopted rule or regulation a crime is not a delegation of legislative power”. Not only is the contention of invalid delegation of authority rejected, but it may not be assumed that proceeding before either an administrative body or the court bars a proceeding before the other. Prosecution does not debar discipline; nor does discipline debar prosecution.
Petitioner suggests that there is estoppel based upon the claimed fact that the court and the Commissioner are one and the same party and the fines imposed by each are paid to the city. Estoppel arises only when the party (here the Commissioner and the court) is the same and had his day in court and lost (People v. Lo Cicero, 14 N Y 2d 374, 380).
The cross motion is granted and the petition is dismissed.