OPINION OF THE COURT
Bonnie Wittner, J.
On September 7, 1984 the defendant, Nilda Batista, was arrested and charged with a variety of Vehicle and Traffic Law offenses, including Vehicle and Traffic Law § 1192 (2), driving while intoxicated. The defendant now moves for an order suppressing the results of the breathalyzer examination pursuant to CPL 710.20 (5) and Vehicle and Traffic Law § 1194 (8).
A review of the moving papers and court records reveals the facts to be as follows. The defendant was arrested on September 7, 1984. After the defendant’s arrest, the following exchange took place and was recorded on videotape:
“Defendant: ‘Well, can I take my blood test?
“Officer Pniewski: ‘No, we don’t do the blood test for you.’ ” No further conversation took place concerning the blood test.
*1055 The defendant consented to a breathalyzer examination, which showed her blood alcohol level to be .14 of 1% by weight. The defendant refused to be fingerprinted. Due to this refusal the defendant was not issued a desk appearance ticket and was held to be arraigned on September 9, 1984.
The defendant did not exercise her right to make a phone call. The police failed to make any arrangements for the defendant to have a blood test taken while she was in custody.
Vehicle and Traffic Law § 1194 (8)[1] gives a person the right to have an independent physician perform a chemical test of their blood alcohol, in addition to the one required by the police department. Both tests must be performed within two hours of arrest. (Vehicle and Traffic Law § 1194 [l].)[2] (See, People v Seaman, 64 Misc 2d 684 [Dist Ct, Suffolk County 1970].)
The issue this court must decide is whether the defendant has been denied her right to an independent blood alcohol examination in such a manner as to require the suppression of the breathalyzer test administered by the police department.
In People v Hoats (102 Misc 2d 386 [County Ct, Monroe County 1979, Mark, J.]), the court established a two-prong test to determine if the results of a breathalyzer test should be suppressed on the ground that the defendant was denied an independent test (Vehicle and Traffic Law § 1194 [8]). There, the court reasoned that to satisfy the first prong, the defendant must demand such a test. I find that the defendant’s statement on videotape, “Well, can I take my blood test?”, is a sufficient demand to put the police on notice that the defendant wishes to exercise her right to an independent test. To require more from a defendant in this situation would make this right to a second and independent chemical test “wholly illusory” (People v Molina, 121 Misc 2d 483, 491, n 12, revd on other grounds 128 Misc 2d 635 [App Term, 1st Dept]).
*1056 The second prong of the test set forth in Hoats (supra) is that the defendant must be allowed to have his own physician administer an additional test. In a normal situation, when a defendant is issued a desk appearance ticket (DAT), he or she is free to arrange for such a test. Here, the defendant was not issued a DAT due to her failure to consent to fingerprinting.
Accordingly, this court must determine if the defendant’s refusal to be fingerprinted released the police from their obligation to protect the defendant’s right to an independent blood test.
Clearly, under CPL 160.10 the police are required to fingerprint the defendant either voluntarily after the arrest or upon court order after arraignment. (See, CPL 160.10 [1] [c].) In light of the defendant’s refusal to be printed, it was appropriate for the police to hold the defendant pending the receipt of a court order to compel the defendant to submit to fingerprinting.
Once the police had made the determination that the defendant would be held, they were obligated, in light of her demand, to assist the defendant in arranging for an independent blood alcohol examination.
The People argue that the defendant could have used her right to make a telephone call to arrange for such a test. It seems most unlikely that a defendant, no matter how sophisticated, could arrange for the appropriate medical personnel to appear where she was being held to administer the test within two hours of her arrest. (See, Vehicle and Traffic Law § 1194 [1].)
While this court recognizes the police department’s duty to obtain defendant’s fingerprints, they could readily have arranged for the independent blood test within two hours without foregoing their right to hold her pending fingerprinting. Defendant, on the other hand, had no opportunity or means to arrange for the urgently needed independent test while she remained in custody.
The defendant has asserted independent rights; these include her right to be fingerprinted either after arraignment or pursuant to court order (CPL 160.10) and her right to an independent blood test. Nothing that the defendant did can be construed as a waiver of her right to an independent and timely blood test.
Accordingly, the defendant’s motion to suppress the results of the breathalyzer examination is granted.

. Vehicle and Traffic Law § 1194 (8) reads as follows: “The person tested shall be permitted to have a physician of his own choosing administer a chemical test in addition to the one administered at the direction of the police officer.”

. Vehicle and Traffic Law § 1194 (1) reads as follows: .
“Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic or drug content of his blood provided that such test is administered at the direction of a police officer:
“(1) having reasonable grounds to believe such person to have been operating in violation of any subdivision of section eleven hundred ninety-two and within two hours after such person has been placed under arrest for any such violation”.