Carol J. POHLMAN, Appellee,

v.

ERTL COMPANY, Defendant,

and

**Iowa Department of Job Service, Appellant.**

No. 84–1823.

Supreme Court of Iowa.

Sept. 18, 1985.

Walter F. Maley, Blair H. Dewey, Joseph L. Bervid and Deborah A. Dubik, Des Moines, for appellant.

Virginia L. Lins of Legal Services Corp. of Iowa, Dubuque, and John Lansing Brown of Legal Services Corp. of Iowa, Iowa City, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, CARTER, and WOLLE, JJ.

LARSON, Justice.

The Iowa Department of Job Service has appealed an order of the district court which reversed a department ruling denying unemployment compensation benefits to Carol J. Pohlman, a former employee of the Ertl Company. We reverse and remand.

The evidence at the administrative hearing revealed that Pohlman had been employed by Ertl from July 1981 to October 1982, working the first shift (from 7 a.m. to 3:30 p.m.). After her discharge, for lack of work, she applied for, and received, unemployment benefits. She was later offered a job, again with Ertl, but this time working the second shift (from 3:30 p.m. to midnight), at twenty cents per hour more than she had received on the first shift.

Pohlman refused the job offer on the grounds that, while she had stated in her original job application that she would be available for either shift, that situation had changed. An older daughter who had been available to babysit with Pohlman's two young children had married and left home. Also, car pool arrangements would not be available to Pohlman if she worked on the second shift.

The hearing officer found that Pohlman had made no effort to make arrangements for the care of her children and therefore she did not have "good cause" for refusing work, disqualifying her from receiving unemployment benefits. *See* Iowa Code § 96.5(3) (1983).

On judicial review, the district court reversed, noting that recent decisions indicate that a parent of a minor child has good cause for refusing employment if it conflicts with the claimant's parental responsibilities. It concluded that the job offered by Ertl was "suitable" under Iowa Code section 96.5(3) but that "[i]n the present case the claimant's acceptance of second-shift employment [would have] meant an almost complete abdication to non-family surrogates of her role as a parent." The court concluded that Pohlman had good cause to refuse the offer of employment and ordered her benefits reinstated. The issue of Pohlman's transportation problems was not addressed in the district court's ruling, nor is it raised on appeal.

## I. *The "Good Cause" Argument.*

The good cause language which lies at the heart of this appeal is found in Iowa Code section 96.5, which provides in part:

*Causes.* An individual shall be disqualified for benefits:

. . . .

3. *Failure to accept work.* If the department finds that an individual has failed, *without good cause*, either to apply for available, suitable work when directed by the employment office or the department or to *accept suitable work* when offered that individual, or to return to customary self-employment, if any. . . . [Emphasis added.]

Both sides in this case cite cases dealing with child care problems in the context of "good cause" for refusing job offers. As might be expected, they go both ways. For a compilation of cases from various jurisdictions *see* Annot., 35 A.L.R.3d 1129, 1137–45 (1971).

No Iowa cases have interpreted the "good cause" provisions of section 96.5(3) in connection with child care but rules promulgated by the Job Service shed light on the problem. One rule states in part:

Lack of transportation, illness or health conditions, illness in family, and child care problems are generally considered to be good cause for refusing work or refusing to apply for work. However, the claimant's availability would be the issue to be determined in these types of cases.

370 Iowa Admin.Code § 4.24(4). Understandably, this claimant relies heavily on this rule and so did the district court. Job Service, on the other hand, points to the qualification in rule 4.24(4) that "generally" child care problems would be considered good cause, thus implying that in some cases it would not.

Job Service also notes other rules which provide that family problems do not constitute "good cause attributable to the employer" in voluntary quit cases. *See* 370 Iowa Admin.Code § 4.25(96)(17) (*leaving* employment for lack of child care not sufficient); 370 Iowa Admin.Code § 4.25(96)(10) (leaving job to accompany spouse to new location not sufficient).

Obviously, all child care cases are not the same. The needs and demands of children, and the nature of their parents' employment, will vary so greatly that it would be virtually impossible to formulate rules applicable to all cases. *Compare Yordmalis v. Florida Industrial Commission,* 158 So.2d 791 (Fla.1963) (children drifting toward delinquency; refusal to work rotating hours held justified) *with Brink v. Commonwealth Unemployment Compensation Board of Review,* 38 Pa.Commw. 168, 392 A.2d 338 (1978) (no showing of good faith effort to find babysitter; refusal of employment on child care grounds held not justified).

It is the practical difficulty in attempting to draw definitive lines which, no doubt, prompted the promulgation of this rule:

Each case decided on its own merits. Based upon the facts found by the department through investigation it shall then be determined whether the work was suitable and whether the claimant had good cause for refusal. Each case shall be determined on its own merits as established by the facts. A reason constituting good cause for refusal of suitable work may nevertheless disqualify such claimant as being not available for work.

370 Iowa Admin.Code § 4.24(3).

A claimant has the burden of proof to show entitlement to unemployment compensation. *Davoren v. Iowa Employment Security Commission,* 277 N.W.2d 602, 603 (Iowa 1979); *Walles v. Iowa Employment Security Commission,* 219 N.W.2d 539, 540 (Iowa 1974).

The hearing officer in this case found the facts against Pohlman on the issue of good cause. He did so on a record showing she had made no effort to find a babysitter or make any other arrangements for the care of the children. Furthermore, it showed Pohlman would likely have been returned to the first shift after only a few weeks on the second.

■ When a fact finder denies relief because of a party's failure to carry that party's burden of proof, a reviewing court may not interfere unless it concludes the burden was met as a matter of law. *See Anthony v. State,* —— N.W.2d ——, ——

(Iowa 1985); *Roland A. Wilson v. Forty-O-Four Grand Corp.*, 246 N.W.2d 922, 925 (1976).

■ Because this claimant did not establish good cause as a matter of law, it was error for the district court to reverse on that ground.

## II. *The "Suitable Work" Argument.*

■ Pohlman contends that the job offered to her was not "suitable" under Iowa Code section 96.5(3), so even if she had refused it without good cause, she could not be denied benefits under that section.

This contention by Pohlman is in direct contradiction to the finding of the hearing officer; and the district court, while holding for Pohlman on the good cause issue, agreed the work offered was suitable within the meaning of the statute.

Iowa Code section 96.5(3) provides the tests for suitability:

*a.* In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to the individual's health, safety, and morals, the individual's physical fitness, prior training, length of unemployment, and prospects for securing local work in the individual's customary occupation, the distance of the available work from the individual's residence, and any other factor which the department finds bears a reasonable relation to the purpose of this paragraph. . . .

*b.* Notwithstanding any other provision of this chapter, no work shall be deemed suitable and benefits shall not be denied under this chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions:

(1) If the position offered is vacant due directly to a strike, lockout, or other labor dispute;

(2) If the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality;

(3) If as a condition of being employed, the individual would be required to join a company union or to resign from or refrain from joining any bona fide labor organization.

This statutory provision, especially when considered together with administrative rule 4.24(3), discussed above, makes it clear that suitability is a fact issue.

Substantial evidence supports the hearing officer's finding of suitability. The job offered to Pohlman, that of an "assembler," was the same as she had previously had, with the same employer, in the same working environment, and in the same location. It paid twenty cents an hour more than she had received previously because of the shift differential. In addition, as noted above, there was substantial evidence that she would soon have been returned to a first-shift schedule. Applying the criteria of section 96.5(3), we believe substantial evidence supported the finding of suitability.

## III. *The "Availability" Argument.*

Job Service argues that, even if the good cause and suitability issues under section 96.5(3) were resolved favorably to Pohlman, she nevertheless could not continue to receive benefits because she was not "available" for work under Iowa Code section 96.4(3) (required findings for continued benefits include a finding that "[t]he individual is able to work, is available for work, and is earnestly and actively seeking work.").

Because we have resolved the case favorably to Job Service on other grounds, we do not address its alternative argument.

We reverse and remand for an order by the district court reinstating the order of the Department of Job Service.

REVERSED AND REMANDED.