Robert Milton HEIDEMANN, Appellee,

v.

Gordon A. SWEITZER, Director Motor
Vehicle Division, and the Department
of Transportation, Motor Vehicle Divi-
sion, Appellants.

No. 84–1773.

Supreme Court of Iowa.

Oct. 16, 1985.

Thomas J. Miller, Atty. Gen., and Robin G. Formaker, Asst. Atty. Gen., for appellants.

Dale E. Goeke, Waverly, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

The Iowa Department of Transportation and its director (collectively referred to as the department) have appealed and petitioner Robert Milton Heidemann has cross-appealed from a judicial review decision overturning the department's revocation of Heidemann's driver's license. The department had based revocation on Heidemann's refusal to provide a urine sample pursuant to the implied consent procedures of Iowa Code chapter 321B (1981). The district court held that issue preclusion barred the department from establishing that Heidemann had refused to submit to chemical testing, because evidence of his refusal had earlier been suppressed in a criminal prosecution of Heidemann for driving while intoxicated. The department contends that issue preclusion was inapplicable and that substantial evidence supported its revocation of the driver's license for Heidemann's refusal to submit to chemical testing. By his cross-appeal Heidemann challenges the sufficiency of the evidence to support revocation and also contends that the agency should have admitted into evidence a transcript of testimony given at the suppression hearing. We reverse on the department's appeal and affirm on Heidemann's cross-appeal.

Both the driver's license revocation proceeding and a criminal charge of driving while intoxicated resulted from the arrest of Heidemann in Chickasaw County on August 15, 1981. A deputy sheriff arrested Heidemann and determined that he had refused to submit to chemical testing when

he would not provide a requested urine sample. Pursuant to Iowa Code section 321B.3 (1981), the department notified Heidemann that his driver's license would be revoked. Heidemann requested and received a hearing on the revocation of his license, pursuant to Iowa Code section 321B.8 (1981), but that contested case evidentiary hearing was not held until May 20, 1982. In the meantime, Heidemann had been charged in Chickasaw County district court with the crime of operating a motor vehicle while intoxicated in violation of Iowa Code section 321.281 (1981). In that criminal action Heidemann moved to suppress the use in evidence of the implied consent form showing his refusal to submit to chemical testing. The district court ruled that the sheriff had failed to comply with implied consent procedures and granted Heidemann's motion to suppress. The state did not request discretionary review of that ruling, but instead on January 6, 1982, the county attorney voluntarily dismissed the criminal charge.

During the administrative license revocation hearing before the department, the hearing officer refused to give preclusive effect to the district court's ruling on the motion to suppress in the criminal proceeding, and the hearing officer also sustained the department's objection to use in evidence of a partial transcript of testimony given in the criminal proceeding. The hearing officer then found that the arresting officer had complied with chapter 321B procedures, that Heidemann had refused chemical testing, and that the department had properly revoked Heidemann's driver's license. That decision was subsequently upheld by order of the department's director.

On judicial review of that final agency decision the district court rejected Heidemann's attempts to supplement the agency record, but it allowed the transcript to be made part of the record as an offer of proof. The district court then overturned the department's revocation decision solely on the ground of issue preclusion, explaining that the issue whether the deputy sheriff had complied with chapter 321B proce-

dures was the same in the criminal case and related agency proceeding, thus "one adjudication should be binding and controlling on the parties."

In reviewing that judicial review decision we are governed by and apply the guidelines set forth in Iowa Code sections 17A.19 and .20 (1981). We address first the question of issue preclusion, then the question whether the agency should have considered Heidemann's offer of evidence presented at the earlier criminal proceeding, and finally the question whether substantial evidence supported the department's revocation of Heidemann's driver's license.

### I. *Issue Preclusion.*

■ Issue preclusion, one application of the broader concept of res judicata, prevents a party to a prior action from relitigating in a subsequent action an issue raised and resolved in the prior action. *Israel v. Farmers Mutual Insurance Association of Iowa*, 339 N.W.2d 143, 146 (Iowa 1983); *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981). In recent cases, we have listed four well-recognized prerequisites for the application of issue preclusion, *id.*, as well as holding that there are exceptions to its use. *See Kjos v. City of Sioux City*, 346 N.W.2d 25, 28–30 (Iowa 1984) (applying exception in Restatement (Second) of Judgments § 83 (1982); two independent state agencies should be free separately to adjudicate similar claims arising from the same facts).

We conclude that issue preclusion was not applicable here because the circumstances of this case fall within two exceptions to that doctrine. The Restatement (Second) of Judgments provides in section 28(3) and (4):

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

. . . .

(3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them; or

(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action. . . .

We adopt both exceptions and find both established under the circumstances of this case.

■ A. The exception pertaining to allocation of jurisdiction between two decision-making bodies applies because license revocation proceedings are separate and distinct from criminal charges arising from the same incident, and "[e]ach action proceeds independently of the other." *Krueger v. Fulton,* 169 N.W.2d 875, 877 (Iowa 1969); *see, e.g., Severson v. Sueppel,* 260 Iowa 1169, 1176, 152 N.W.2d 281, 285 (1967) ("Acquittal of the criminal charge of operating a motor vehicle while intoxicated did not preclude [the department] from revoking plaintiff's driver's license [for refusing chemical testing]."); *Gottschalk v. Sueppel,* 258 Iowa 1173, 1180, 140 N.W.2d 866, 870 (1966) (question of whether evidence would be admissible in criminal proceeding for OMVUI is of no concern in driver's license revocation proceeding).

■ The legislature by enacting chapter 321B has specifically vested the department with jurisdiction to revoke a driver's license for refusal to submit to chemical testing under Iowa's implied consent statute, thereby recognizing that the department has special competency to resolve the relatively narrow issues which arise in such license revocation proceedings. The department's administrative decision-making authority should not be undercut by the fortuitous circumstance that a parallel criminal proceeding may result in an evidentiary ruling concerning compliance with implied consent requirements.

This exception to issue preclusion based on the allocation of jurisdiction between two decision-making bodies was recognized and explained by Professor Allen Vestal, a recognized authority on issue preclusion. Vestal wrote:

There are some situations, however, where the second adjudicating body is a body with some unusual competency in a particular matter. In such cases the legislature has made a determination that a particular body is the one to make a particular decision. If the legislative branch of the government has given a special power to an agency, it would seem that no court should be able to foreclose litigation of the issue before the agency. Perhaps some weight should be given to the decision handed down by the court, but certainly the agency has the right to exercise the power given to it by the legislature. Any other conclusion would allow a court to infringe on the grant of power to the agency. This then becomes an exception to the general concept of issue preclusion. Here the agency has the right to reexamine a matter which normally would be considered settled by the earlier decision.

Vestal, *Preclusion/Res Judicata Variables: Adjudicating Bodies,* 54 Geo L.J. 857, 886–87 (1966).

We conclude that under Iowa's statutory scheme the department was free to make an independent determination whether the deputy sheriff followed proper procedures in requesting that Heidemann submit to chemical testing, regardless what ruling on that question had been entered in parallel criminal proceedings.

■ B. The exception pertaining to burden of proof, found in Restatement (Second) of Judgments section 28(4) and quoted above, also is applicable here. At the suppression hearing in the criminal case the state had the burden to prove those foundational facts necessary for the admission of results of tests conducted pursuant to

chapter 321B or proof that defendant refused testing. *State v. Hershey,* 348 N.W.2d 1, 2 (Iowa 1984); *State v. Schlemme,* 301 N.W.2d 721, 722 (Iowa 1981); *see State v. Holderness,* 293 N.W.2d 226, 230 (Iowa 1980) (State as proponent of photograph had burden to establish foundational elements for its admission); Iowa R.Evid. 104 (preliminary questions concerning admissibility of evidence shall be determined by the court, which is not bound by rules of evidence except those with respect to privileges in making its determination). In criminal cases involving claims of tainted evidence, the State has the ultimate burden of persuasion to show its evidence is admissible. *State v. Hamilton,* 335 N.W.2d 154, 158 (Iowa 1983).

In contrast, in the license revocation proceedings Heidemann had the burden of proving that he had complied with the implied consent law in order to retain his operating privilege, and he therefore had the burden to prove his contention that the deputy sheriff had not satisfied procedural requirements of the implied consent law. *See McCrea v. Iowa Department of Transportation,* 336 N.W.2d 427, 428–29 (Iowa 1983); Iowa Code § 17A.18 (1981) (person challenging revocation must show "compliance with all lawful requirements for the retention of the license"). The determination whether the deputy sheriff satisfied requirements of Iowa Code chapter 321B was a mixed question of fact and law, and the determination of that issue was necessarily dependent in part on the allocation of burden of proof.

Because the burden of proof was shifted to Heidemann in the license revocation proceeding, the suppression ruling on which the state had the burden of proof was not binding upon the department in this judicial review proceeding.

II. *Suppression Hearing Transcript as Evidence.*

During the contested case hearing before the agency Heidemann unsuccessfully offered in evidence the former testimony given by the arresting officer and Heidemann himself at the earlier hearing on his motion to suppress. The hearing officer sustained the department's objection to that evidence on the ground that a transcript of that testimony had not yet been prepared even though Heidemann had adequate time to obtain it for the hearing.

When Heidemann filed his petition for judicial review he attached the transcript of that testimony to his petition as an offer of proof and requested that the court remand the case to the agency for consideration of that additional evidence. He contended the agency's refusal to consider that testimony constituted both an abuse of discretion and error of constitutional dimension.

The district court denied Heidemann's request for remand to the agency but permitted him to include the transcript in the record of the judicial review proceeding as an offer of proof. Heidemann by cross-appeal contends the agency erred in failing to consider that testimony, while the department contends that the district court erred in allowing Heidemann to make his offer of proof.

A. Rules of evidence governing administrative agencies in contested cases are set forth in the five subsections of Iowa Code section 17A.14. These rules provide guidelines to hearing officers which are less detailed than the Iowa Rules of Evidence which govern most court proceedings. *See* Iowa R.Evid. 1101 (outlining court proceedings where Iowa Rules of Evidence apply).

We find no abuse of the hearing officer's discretion in rejecting Heidemann's offer of the transcript. Had the transcript been admitted, a decision in the case would have been delayed by the considerable time required for transcription of the testimony. Moreover, the attorney for the department had not been present at the suppression hearing, so neither the hearing officer nor the attorney objecting to the transcript knew just what was the substance of the testimony. It is noteworthy that the arresting officer and Heidemann were both available to testify at the contested case hearing, and the officer did

testify and was cross-examined. Sound reasons supported the hearing officer's discretionary ruling on the matter.

Heidemann also contends that the exclusion of that evidence violated his constitutional rights to due process and equal protection, but he has neither cited supporting authorities nor elaborated on that contention at any stage of this proceeding. The hearing officer's evidentiary ruling was neither erroneous nor constitutionally infirm.

B. At first blush it appears that the district court had no authority to receive the transcript as an offer of proof in the judicial review proceeding. The district court is in the role of an appellate court in such proceedings, reviewing only the record made before the agency. *Young Plumbing and Heating Co. v. Iowa Natural Resources Council*, 276 N.W.2d 377, 381 (Iowa 1979). The district court is precluded from hearing evidence in such cases. Iowa Code § 17A.19(7) (1983); *see Hoffman v. Iowa Department of Transportation*, 257 N.W.2d 22, 24–25 (Iowa 1977).

Any party in such proceedings, however, may apply to the district court for leave to present evidence in addition to that found in the record before the agency; and the court has the discretion to order that additional evidence be taken before the agency, upon conditions determined by the court, if there were good reasons for failure to have that evidence presented in the contested case proceeding. Iowa Code § 17A.19(7). Where, as here, the district court denies a party's application to present additional evidence to the agency the party may properly preserve error on that issue by presenting an offer of proof to the district court. Here the district court properly treated Heidemann's offer of the transcript as an offer of proof, thereby enabling Iowa appellate courts to determine whether refusal to remand the case to the agency was proper. We conclude, of course, that the district court correctly refused to remand the case to the agency for consideration of that transcript, because the sound reasons explained in division

II.A. supported the hearing officer's ruling excluding that evidence.

III. *Evidentiary Support for the Department's Decision.*

Our review of the agency decision on the merits is governed by the substantial evidence rule of Iowa Code section 17A.19(8)(f). Each party contends that substantial evidence in the record supports its position on the ultimate question whether the arresting officer followed the procedures required by chapter 321B in invoking implied consent. The precise question we must answer, however, is not whether there was substantial evidentiary support for a decision the agency did not make, but whether substantial evidence in the record as a whole supports the agency's findings of fact and the decision it did make. *McCrea v. Iowa Department of Transportation*, 336 N.W.2d at 429; *Peoples Memorial Hospital v. Iowa Civil Rights Commission*, 322 N.W.2d 87, 91–92 (Iowa 1982). In this license revocation proceeding, Heidemann had the burden of proof; he was required to show compliance with all lawful requirements for the retention of his license. Iowa Code § 17A.18 (1983); *see McCrea*, 336 N.W.2d at 428–29. The hearing officer found against him on that issue, holding that the arresting officer had properly complied with implied consent procedures and that Heidemann had nevertheless refused chemical testing. With the fact-finder, the agency, denying relief because Heidemann had not met his burden of proof, this court on review may not interfere unless we conclude Heidemann met his burden as a matter of law. *Pohlman v. Ertl Co.*, 374 N.W.2d 253, 255 (Iowa 1985); *Anthony v. State*, 374 N.W.2d 662, 664 (Iowa 1985).

Heidemann did not establish as a matter of law that the arresting officer failed to comply with applicable statutory implied consent procedures. The evidence shows that the arresting officer requested in writing that Heidemann give a urine sample, and Heidemann both orally refused

and also signed the form acknowledging his refusal. On this record, there is clearly no merit to Heidemann's contention that he complied with section 321B by offering to give the officer a urine sample.

Heidemann cites two Iowa cases, *State v. Richards*, 229 N.W.2d 229 (Iowa 1975) and *State v. Jensen*, 216 N.W.2d 369 (Iowa 1974), to support his legal theory that the officer was required to make a written request for blood before requesting another body specimen. Those cases, however, construed and applied a statutory procedure which was subsequently changed by amendment of Iowa Code chapter 321B, as explained in *State v. Janssen*, 247 N.W.2d 260, 261–61 (Iowa 1976).

Heidemann's final complaint is that the hearing officer received and considered evidence which had been obtained in violation of his *Miranda* rights. That contention overlooks our several decisions holding that *Miranda* warnings are not applicable to implied consent revocation proceedings. *State v. Stroud*, 314 N.W.2d 437, 438 (Iowa 1982); *Swenumson v. Iowa Department of Public Safety*, 210 N.W.2d 660, 663 (Iowa 1973).

We conclude that there is merit in the department's appeal but no merit in the grounds on which Heidemann based his cross-appeal. The district court erred in overturning the agency's decision which upheld revocation of Heidemann's license to operate a motor vehicle. The judicial review decision of the district court is reversed, but its rulings challenged by Heidemann's cross-appeal are affirmed.

REVERSED ON DEPARTMENT'S APPEAL; AFFIRMED ON PETITIONER'S CROSS-APPEAL.