STATE of Iowa, Plaintiff–Appellee,

v.

**Luke Charles GOODON,**
**Defendant–Appellant.**

No. 88–561.

Court of Appeals of Iowa.

April 25, 1989.

William L. Wegman, State Public Defender, and Shari Barron, Asst. State Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Carolyn J. Olson, Asst. Atty. Gen., and John D. Doran and Mark A. Campbell, Asst. County Attys., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant-appellant Luke Charles Goodon contends evidence of his breathalyzer test should have been suppressed in his trial for driving under the influence because (1) the test was suppressed in an administrative proceeding, and (2) he was denied the opportunity to have an independent test conducted.

Defendant was arrested for driving under the influence. He consented to an intoxilyzer test. Defendant was told he had the right to an independent test but he would have to make his own arrangements. Defendant contacted an attorney. The attorney did not come to the center where defendant was held. Defendant did not obtain an independent test.

█ Prior to trial on the charge of operating a vehicle while intoxicated, defendant was involved in an administrative hearing with the Department of Transportation. The department sought to revoke his license under Iowa Code section 321J.12 (1987). The hearing officer concluded the breath test could not be considered because defendant was not given a meaningful opportunity to obtain an independent chemical test. Defendant claims the district court erred in denying defendant's motion to suppress because a Department of Transportation decision collaterally estopped the State from admitting evidence of the breath test. Defendant claims the administrative decision finding the breath test inadmissible precluded the State from admitting the breath test results at trial. The trial court determined collateral estopped did not apply and the breath test results were admissible under Iowa Code section 321J.11 (1987).

We determine issue preclusion is not available to defendant. In *Heidemann v. Sweitzer*, 375 N.W.2d 665 (Iowa 1985), the court addressed the question of whether issues decided in a criminal trial for OWI were issue preclusive in an administrative hearing on a driver's license revocation. *Heidemann* is controlling on the issue presented here. In *Heidemann*, 375 N.W.2d at 667, 668, the court acknowledged there are exceptions to the prerequisites for the application of issue preclusion, then applied two exceptions in its holding. One exception to the issue preclusion doctrine is that "a new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by the factors relating to the allocation of jurisdiction between them." *Heidemann*, 375 N.W.2d at 667. The court in *Heidemann* applied this exception because license revocation proceedings are separate and distinct from

criminal charges arising from the same incident and each proceeds independently of the other. *Heidemann*, 375 N.W.2d at 668. Under section 321J.13 the only issues which are considered in a driver's license revocation hearing are whether an officer had reasonable grounds to believe the person was operating a motor vehicle while intoxicated and whether the person submitted to a test and either failed or refused it.

Defendant argues *Heidemann* has been overruled by Iowa Code section 321J.13(4). That section states if a court in a criminal action holds a peace officer did not have reasonable grounds or holds the chemical test to be inadmissible or invalid, such a decision is binding on the DOT in a driver's license revocation proceeding. Section 321J.13(4) strengthens the State's position. The rule of statutory construction is the express mention of certain conditions implies the exclusion of others. *Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 263 (Iowa 1986).

We look also to decisions from other jurisdictions. *See People v. LaMotte*, 92 Cal.App.3d 604, 155 Cal.Rptr. 5 (1979, 1st Dist.) (State Department of Benefit Payment decision not binding on the State in a criminal prosecution because the State had not been a party to the administrative proceeding); *People v. Demery*, 104 Cal. App.3d 548, 163 Cal.Rptr. 814 (1980, 2nd Dist.) (Administrative determination of innocence of the charges of prescribing a controlled substance not preclusive in a subsequent criminal proceeding because of the differences in objectives of the two proceedings and because the standards of admissibility of evidence differ); *State v. Hanemann*, 180 N.J.Super 544, 435 A.2d 1179 (1981) (Administrative law judge determination on whether a defendant had improperly refused to consent to a breathalyzer test held not issue preclusive in a subsequent prosecution for driving while under the influence because of the differences in issues considered in the two proceedings); *Brawer v. Criminal Court of New York*, 47 Misc.2d 411, 261 N.Y.S.2d 990 (1965) (Criminal court and Commissioner of Licenses are not one and the same party merely because the fines imposed by each are paid to the city); *State v. Dupard*, 93 Wash.2d 268, 609 P.2d 961 (1980) (A parole revocation hearing decision not dispositive on issue of whether parolee committed a new crime; this inquiry more appropriately addressed to the criminal justice system).

■ Defendant next contends the district court erred in failing to suppress evidence of the breath test because defendant was denied a meaningful opportunity to obtain an independent chemical test. Iowa Code section 321J.11 makes the test results obtained by a peace officer admissible, even if the accused is unable to obtain an independent chemical test. Section 321J.11 in relevant part provides:

> The person may have an independent chemical test or tests administered at the person's own expense in addition to any administered at the direction of a peace officer. The failure or inability of the person to obtain an independent chemical test or tests does not preclude the admission of evidence of the test or tests administered at the direction of the peace officer.

Additionally, we find no evidence defendant was prevented from obtaining an independent test.

AFFIRMED.