Danny Fay CASPER, Appellant,

v.

**IOWA DEPARTMENT OF TRANS-PORTATION, MOTOR VEHI-CLE DIVISION, Appellee.**

No. 92–408.

Court of Appeals of Iowa.

Sept. 2, 1993.

John A. Pabst of Clements, Pabst, Hansen & Maughan, for appellant.

Bonnie J. Campbell, Atty. Gen., David A. Ferre, Special Asst. Atty. Gen., and John W. Baty, Asst. Atty. Gen. for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

The plaintiff, Danny Fay Casper, appeals the district court's decision on judicial review affirming the department's revocation of plaintiff's driver's license pursuant to Iowa Code chapter 321J (1991). Casper claims the district court erred in failing to reverse the revocation on the basis of failure to obtain an independent chemical test under Iowa Code section 321J.11.

Casper was stopped by a police officer for speeding sixty-seven miles per hour in a fifty-five-mile-per-hour speed zone. Based upon observations of the police officer, Casper was given a preliminary breath test, which indicated an alcohol concentration in his blood greater than the legal limit. Based upon this screening test, Casper was placed under arrest and was transported to the police station. While there, he was permitted to talk to his lawyer by telephone and was given a breath test. The breath test showed an alcohol concentration of .118, indicating Casper's intoxication.

Casper claims he requested the opportunity to obtain a blood test to determine the concentration of alcohol in his blood, and he claims he was denied the opportunity to obtain that test. He was placed in jail and was not released until 11 a.m. the following morn-

ing. By that time, the effects of a blood test would have been immaterial.

As a result of the breath test results, Casper's driving privileges were revoked. Casper requested an administrative hearing to contest the revocation of his operator's privilege. The administrative law judge upheld the revocation. Appeal was taken to the director of the department of transportation, and the revocation was affirmed. Casper sought judicial review; the decision of the department was affirmed. We affirm the district court.

Little dispute exists regarding the facts of this case. While the police officer and the petitioner disagree on the details, both admit that the petitioner was told about the possibility of an independently acquired blood test for which the petitioner would be required to pay. There is no dispute about the petitioner having funds in his possession, presumably in a large enough amount to bear the cost of such a test. Nor is there any dispute about the fact that the petitioner was placed in jail and held there, or the fact that the petitioner was not transported to a place to have the independent blood test done.

■ It is true the petitioner was held in such a manner as to make it impossible for him to acquire the independent blood test. The question before us—and the question before the department and the district court prior to this point in the appeal process—is whether these facts cause a necessity to suppress the results of the breath test administered to the petitioner, which indicated a blood alcohol concentration in petitioner's blood of .118 milligrams percent.

Casper has cited several cases from other jurisdictions which indicate the breath test would be suppressed upon these facts. These cases involve such tests in the context of a prosecution in criminal trial for operating while intoxicated. None of the cited cases deal with the administrative procedure of license revocation resulting from a test which indicates driving while intoxicated. For example, in Lockard v. Town of Killen, 565 So.2d 679 (Ala.Crim.App.1990), the court held that the requirement that an arrestee be given an opportunity to obtain an independent chemical analysis meant the arrestee

must have been given the chance to obtain the test. The failure to afford him that opportunity resulted in a suppression of the test administered by the law officer.

In State v. Batista, 128 Misc.2d 1054, 491 N.Y.S.2d 966 (1985), the court dealt with the question of what constituted a demand for an independent blood test. Both of these cases involved trials on the charge of driving while intoxicated. Neither is helpful in this case.

Casper seeks suppression of the test administered by the police officer at the police station based on his right to have an independent blood test under section 321J.11. This section provides in relevant part:

The person may have an independent chemical test or tests administered at the person's own expense in addition to any administered at the direction of a peace officer. *The failure or inability of the person to obtain an independent chemical test or tests does not preclude the admission of evidence of the results of the test or tests administered at the direction of the peace officer.* [Emphasis added.]

The emphasized portion of this statute has been considered in State v. Goodon, 443 N.W.2d 74 (Iowa App.1989). In Goodon, the department of transportation had suppressed the test administered by the officer in the license revocation proceeding that preceded the defendant's trial on an OWI charge. The defendant claimed the ruling constituted issue preclusion since the validity of the test had been litigated in the administrative action.

We rejected that argument, as well as defendant's argument that the test should have been suppressed because "defendant was denied a meaningful opportunity to obtain an independent chemical test." Id. at 76. We held that the emphasized portion of the above-quoted statute permitted consideration of the results of the test administered by the officer, even if the defendant was unable to obtain the independent blood test.

■ We do not wish to be understood as holding that in a criminal prosecution for driving under the influence of alcohol or drugs, the facts of this case would not cause

a suppression of the breath test administered by peace officers. The defendant was denied his requested blood test. His was not a "'failure' or 'inability' to obtain an independent chemical test or tests." He claims he was denied the opportunity to obtain an independent chemical test by action of the peace officers. In a criminal prosecution for driving under the influence, proof of that denial would require suppression of any police-administered chemical test. Any other interpretation would render meaningless the requirement of the statute that the arrestee be given the opportunity to obtain an independent chemical analysis.

However, as the State points out, this hearing was carried out under the provisions of Iowa Code section 321J.13, which provides in part:

> The hearing ... shall be limited to the issues of whether a peace officer had reasonable grounds to believe that the person was operating a motor vehicle in violation of section 321J.2 and either of the following:
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> b. Whether a test was administered and the test results indicated an alcohol concentration as defined in section 321J.1 of .10 or more.

As we stated in *Goodon:*

> Under section 321J.13 the only issues which are considered in a driver's license revocation hearing are whether an officer had reasonable grounds to believe the person was operating a motor vehicle while intoxicated and whether the person submitted to a test and either failed or refused it.

*Id.* at 76.

Under the statutory authority cited above, we do not believe the defendant's failure to obtain an independent blood test requires the suppression of the results of the breath test administered by the police officer and voluntarily taken by the petitioner. Accordingly,

we affirm the trial court's refusal to suppress the breath test administered in this case.

**AFFIRMED.**

HABHAB and HAYDEN, JJ., specially concur.

HABHAB, Judge (specially concurring).

While I agree with the majority's result, I write separately to expound on my interpretation of Iowa Code section 321J.11 (1991) and how it affects the right to an independent chemical test in the context of a prosecution in a criminal trial for operating while intoxicated.

■ Iowa Code section 321J.11 describes how samples are to be taken for the purpose of determining alcohol concentration or the presence of drugs. Since these samples are used in both criminal prosecutions for operating while intoxicated and in administrative proceedings for license revocations, section 321J.11 is applicable to both proceedings. This section provides in the relevant part:

> The person may have an independent chemical test or tests administered at the person's own expense in addition to any administered at the direction of a peace officer. *The failure or inability of the person to obtain an independent chemical test or tests does not preclude the admission of evidence of the results of the test or tests administered at the direction of the peace officer.*

Iowa Code § 321J.11 (1991) (emphasis added).

As the majority notes, we interpreted this statute in *State v. Goodon,* 443 N.W.2d 74, 76 (Iowa App.1989). In *Goodon,* the defendant argued that his breath test should have been suppressed because he "was denied a meaningful opportunity to obtain an independent chemical test." We held the emphasized portion of section 321J.11 permits consideration of the results of the test administered by the officer, even in situations where the defendant has requested and was unable to obtain the independent blood test. *Goodon,* 443 N.W.2d at 76. I write separately to make it clear that I reject any interpretation of *Goodon* which would imply that, even when police misconduct is involved, section 321J.11 permits the introduction of the test results.[1]

1. In *Goodon,* we noted, "Additionally, we find no

evidence defendant was prevented from obtain-

I interpret the phrase "failure ... of the person to obtain an independent chemical test" to refer to situations where the defendant makes no effort or request to obtain a test. Likewise, I interpret "inability" to refer to situations, where for some reason other than the conduct of either the defendant or the police, an independent chemical test cannot be obtained. Where the defendant does not obtain an independent test because he is denied a reasonable opportunity to do so, there is neither a "failure" nor an "inability" to obtain a test under the statute.

I find other states have construed similar statutes the same way. *See Lockard v. Town of Killen,* 565 So.2d 679, 680–82 (Ala. Crim.App.1990); *City of Blaine v. Suess,* 93 Wash.2d 722, 612 P.2d 789, 790–91 (1980); *State v. Hilditch,* 36 Or.App. 435, 584 P.2d 376, 376–77 (1978); *State v. Dressler,* 433 N.W.2d 549, 550 (N.D.App.1988); *Smith v. Cada,* 114 Ariz. 510, 514, 562 P.2d 390, 394 (App.1977); *Commonwealth v. Alano,* 388 Mass. 871, 448 N.E.2d 1122, 1128 (1983).

To construe section 321J.11 otherwise would render meaningless the requirement of the statute that the arrestee be given the opportunity to obtain an independent chemical analysis. Nothing would prevent the ignoring of the request.

I vote with the majority because I agree with them that suppression of the breath test is not the appropriate remedy here. The purpose of excluding the breath test on these facts would be to deter the ignoring of the arrestee's request for an independent test. Criminal prosecutions for driving while intoxicated and civil license revocation proceedings which, though "arising from the same incident" are nevertheless "separate and distinct." *Heidemann v. Sweitzer,* 375 N.W.2d 665, 668 (Iowa 1985).

The imposition of an exclusionary sanction in this license revocation proceeding would have little force as a deterrent of unlawful police action because the department [of transportation] does not control the actions of local police officers. If application of the rule does deter police officers from

engaging in unlawful conduct, its use in criminal proceedings should be sufficient to accomplish that purpose.

*Westendorf v. Iowa Dep't. of Transp.,* 400 N.W.2d 553, 557 (Iowa 1987).

HAYDEN, J., joins this special concurrence.

ing an independent test." *Goodon,* 443 N.W.2d at 76. I believe *Goodon* was correctly decided

on this alternate ground.