**STATE of Iowa, Appellee,**

v.

**Paul J. WOOTTEN, Appellant.**

**No. 97–606.**

Supreme Court of Iowa.

April 22, 1998.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, and Gretchen Jensen, student intern, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kasey Wadding, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

Paul J. Wootten was convicted of operating a motor vehicle while intoxicated in violation of Iowa Code section 321J.2 (1995). He appealed, based on the court's refusal to suppress the results of a breathalyzer test as a sanction for the officers' failure to provide Wootten an independent chemical test. The

district court held that Wootten failed to make a timely request for the test, overruled his motion to suppress, and found him guilty. We affirm.

## I. *The Facts.*

When Waterloo police officers stopped Wootten's vehicle, his voice was slurred, he was swaying, his eyes were watery, and he smelled of alcohol. He failed a preliminary breath test. The officers arrested him and took him to the Waterloo Police Department at approximately 1:10 a.m. At the police department, Wootten took an intoxilyzer test, which showed his alcohol level to be .211, over twice the presumed level of intoxication.

After the test, the officers took thirty to forty minutes to complete the paperwork, and Wootten waited. He visited with the officers on various subjects and inquired about a temporary license. Under Iowa Code section 321J.11, a defendant who has taken a requested test is entitled to obtain a test of his own. However, Wootten did not request it during the time he was in the police headquarters. When the officers finished the paperwork, one of them took him to the Black Hawk County jail. This was over two hours after he was arrested and approximately an hour after he knew that he had failed the State's breath test.

When he arrived at the jail, Wootten was placed in a holding cell, where he remained until the jailer could "book him in." As the jailer booked him in, Wootten requested an independent test. The jailer refused, saying that under established county policy, Wootten should have made his request before he got to the jail because the jailer had no way of transporting him to the hospital, where he would have his independent test.

Wootten moved to suppress the State's breath test as a sanction for the officers' failure to provide the independent test. He claimed in his suppression motion that he had requested an independent test "immediately following" the State's test and that the officers refused. The district court, Judge Geer, found this not to be so and denied the motion. The State and the defendant agreed to try the case to the court without a jury,

based on the minutes of evidence. Judge Rothschild found him guilty.

## II. *The Law.*

Iowa Code section 321J.11 provides for alcohol testing of arrested subjects. That section first provides that *blood* testing must be done by qualified medical personnel, but that a *breath* or *urine* test may be administered by peace officers. It then provides:

> The person may have an independent chemical test or tests administered at the person's own expense in addition to any administered at the direction of a peace officer.... Upon the request of the person who is tested, the results of the test or tests administered at the direction of the peace officer shall be made available to the person.

Iowa Code § 321J.11.

■ A defendant is not entitled to an independent test until after he has taken the test requested by the officer. *State v. Mahoney,* 515 N.W.2d 47, 50 (Iowa App.1994). Officers are not required to advise a defendant of the statutory right to an independent test. *State v. Epperson,* 264 N.W.2d 753, 756 (Iowa), *cert. denied,* 439 U.S. 913, 99 S.Ct. 285, 58 L.Ed.2d 260 (1978).

Section 321J.11 does not provide a time limit for a defendant's request, nor does it prescribe a sanction against the state if the officer fails to comply with a request for an independent test. The statute does, however, provide that

> failure or inability of the person to obtain an independent chemical test or tests does not preclude the admission of evidence of the results of the test or tests administered at the direction of the peace officer.

Iowa Code § 321J.11.

■ Despite the lack of an express sanction under the statute, dictum in a court of appeals decision suggested that a refusal to allow an independent test would require exclusion of the State's test in a criminal prosecution. *Casper v. Iowa Dep't of Transp.,* 506 N.W.2d 799, 802 (Iowa App.1993). *Casper* was not a criminal prosecution. It was a license revocation case, and it held that failure to provide an independent test did not

require exclusion of the State's test as a sanction. *Id.* We do not decide what sanction should be applied if an officer refuses a timely request for an independent test because we conclude that substantial evidence supports the district court's finding that Wootten failed to make a timely request.

We do not know from the record when Wootten first knew of his right to an independent test, but he obviously knew about it before he went to jail because he asked the jailer about it soon after he arrived. A witness for Wootten who had some laboratory experience testified at the suppression hearing that Wootten had called her from the jail and asked her about such a test.

The district court's findings and conclusions on the motion to suppress stated:

> Defendant was in the custody of the arresting officers for an extended period of time, and [he] failed to request an independent test of the Waterloo police officers at any time. Defendant had reasonable opportunity to request an independent test before defendant's custody was transferred to the Black Hawk County Sheriff's Department, and failed to do so. There is no evidence that defendant would have been denied an opportunity to have an independent test had he made the request to the arresting officers before being placed in the holding cell. To the contrary, all evidence suggests that defendant would have been afforded an opportunity for an independent chemical test had one been requested of the arresting officers. Defendant did not make the request until approximately 2½ hours after his arrest, and well after he was aware of the results of the Intoxilyzer test. Defendant had reasonable opportunity to request a test.

The district court's findings of fact are binding on us if supported by substantial evidence. *State v. Frake,* 450 N.W.2d 817, 818–19 (Iowa 1990) (district court's finding that defendant did not request statutory right to call attorney prior to chemical test supported by substantial evidence). In this case the district court found that Wootten had failed to make his request within a reasonable time.

While it is true that no time limit for a request is expressed in section 321J.11, the request obviously must be made within a reasonable time under the circumstances. *See* Iowa Code § 4.4(3) (in construing statute, it is presumed that a just and reasonable result is intended). The circumstances to be considered should include the time that has elapsed after the arrest and after the completion of the State's test. It was approximately an hour after the State's test and well over two hours after his arrest before Wootten made his own request. The latter period is significant because it affects the accuracy of the results. Under Iowa Code section 321J.6(2), an officer cannot require a chemical test beyond two hours following the preliminary screening or arrest, an apparent recognition that the results of an attenuated test would not be as accurate as results of one obtained earlier.

In the present case, the timing of the defendant's request created a problem for the jailer, who had no means of transporting Wootten to the hospital, and for the Waterloo police officers, who would be called away from their other duties to retrieve him and take him there. While inconvenience to officers should not be the controlling factor, the unnecessary diversion of officers from other duties should be considered on the issue of reasonableness, along with the timing of the request and Wootten's ample opportunity at the police station to make the request.

We conclude that the district court's finding that the defendant failed to make a request within a reasonable time is supported by substantial evidence.

**AFFIRMED.**