**IN THE COURT OF APPEALS OF IOWA**

No. 18-2100
Filed August 21, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DALE LEROY CHENEY JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer (motion to suppress) and Karen Kaufman Salic (sentencing), District Associate Judges.

Dale Cheney Jr. appeals the district court's denial of his motion to suppress and the sentence imposed upon his conviction of operating while intoxicated, second offense. **AFFIRMED.**

Colin C. Murphy of Gourley, Rehkemper, & Lindholm, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Shortly before noon on February 24, 2018, Trooper Andrew Albright of the Iowa State Patrol conducted a traffic stop of a vehicle driven by Dale Cheney Jr. Ultimately, Cheney consented to a chemical breath test, which resulted in an alcohol concentration of .137, which is over the legal limit. *See* Iowa Code § 321J.2(1)(b) (2018). Cheney invoked his statutory right to independent blood testing under Iowa Code section 321J.11. Albright advised Cheney he "would take him home and allow him to have somebody take him wherever he would like to go to have that blood test performed." After citing Cheney for operating while intoxicated (OWI), Albright drove Cheney home and released him upon his signed promise to appear in court. Albright chose to release Cheney rather than book him in jail so as to not impede his ability to obtain independent testing.[1]

The State formally charged Cheney with second-offense OWI. Cheney filed a motion to suppress the chemical-breath-test results, contending Albright interfered with his ability to obtain an independent chemical test. Following a hearing, the district court denied the motion, finding "no evidence that Trooper Albright hindered [Cheney's] ability to obtain an independent blood test."

---

[1] A recording from Albright's dash camera and body microphone was admitted as evidence at the suppression hearing. In the recording, following the administration of the chemical breath test, Albright questioned Cheney, "Are you still gonna be wanting to do an independent test, a blood test?" Cheney responded in the affirmative. Albright advised the testing would be at Cheney's expense and stated:

> Instead of booking you into the jail, what I'm gonna do I'm gonna give you a court date, basically give you a ticket for OWI . . . . I'm gonna release you on your promise to appear and I'm gonna give you a ride home, so you and your wife or your attorney or whoever you want can make arrangements for that blood test on your own. Okay? Sound like a plan?

Cheney registered no objection. Cheney then called his wife and advised Albright would be driving him home and he would be there "in a little while."

Following a bench trial on the stipulated minutes of evidence, the court found Cheney guilty as charged. At the time of sentencing, both parties requested Cheney's sentence to align with statutory mandatory minimums for the offense, which would include seven days in jail. *See id.* § 321J.2(4)(a). Instead, the court sentenced Cheney to ninety days in jail, with all but seven days being suspended.

Cheney now appeals the district court's denial of his motion to suppress and the sentence imposed. As to the court's denial of his motion to suppress, Cheney essentially argues the court erred in concluding Albright did not hinder his ability to obtain independent chemical testing. Cheney takes the position that when the statutory right to independent chemical testing is invoked, law enforcement is required to transport the subject to a local facility for testing or arrange for the same, and Albright failed to do so. Because the basis of Cheney's motion to suppress is statutory, our review of the district court's ruling on the motion to suppress is for legal error. *See State v. Smith*, 926 N.W.2d 760, 762 (Iowa 2019). Section 321J.11 provides, in relevant part, that a

> person may have an independent chemical test or tests administered at the person's own expense in addition to any administered at the direction of a peace officer. The failure or inability of the person to obtain an independent chemical test or tests does not preclude the admission of evidence of the results of the test or tests administered at the direction of the peace officer.

Our supreme court has ruled "'evidence of the results of the test or tests administered at the direction of the peace officer' must be suppressed when a detainee's statutory right to an independent test under Iowa Code section 321J.11 is denied." *State v. Lukins*, 846 N.W.2d 902, 911 (Iowa 2014) (quoting Iowa Code § 321J.11). However, "[i]n the absence of police hindrance, an individual's inability

to obtain an independent chemical test will not preclude admission of the results from the police-administered test." *State v. Foss*, No. 02-0953, 2003 WL 21361556, at *2 (Iowa Ct. App. June 13, 2003). The statutory mandate is satisfied where the subject is provided a reasonable opportunity to obtain an independent test. *See Caspar v. Iowa Dep't of Transp.*, 506 N.W.2d 799, 803 (Iowa Ct. App. 1993) (Habhab, J., concurring specially).

Here, Cheney's right to obtain an independent chemical test was not hindered by Albright, let alone entirely denied. Rather, Albright took steps to facilitate Cheney's desire to undergo an independent test—he released him from detainment and took him home, where he could arrange for his chemical testing. Cheney was afforded a reasonable opportunity to pursue an independent test but failed to do so. Such failure "does not preclude the admission of evidence of the results of the test or tests administered at the direction of the peace officer." Iowa Code § 321J.11.

To the extent Cheney argues the Iowa State Patrol's procedural manual for OWI investigations[2] imposes additional legal duties on officers and affords subjects additional statutory rights, we disagree. Even if the relevant procedure assigned new legal rights and duties, we find Albright made reasonable arrangements to afford Cheney the opportunity to undergo chemical testing.

---

[2] The procedures, which were admitted as evidence at the suppression hearing, include the following provision concerning requests for independent chemical tests:

> If the subject requests an independent chemical test, the officer shall explain to the subject that they are required to consent and provide the officer's requested chemical test first. *If the subject consents and provides the officer with his (the officer's) test, then the officer is required to transport or make arrangements for the subject to be transported to a local facility for an independent test at the subject[']s own expense . . . .*

(Emphasis added.)

Finally, to the extent Cheney argues Albright's seizure of his driver's license hindered him from obtaining an independent test because he would have needed identification to undergo the test, we disagree. Albright was statutorily authorized to serve immediate notice of revocation upon Cheney. *See id.* § 321J.12(3). Having done so, he was statutorily required to take Cheney's license and issue a temporary license, which he did. *See id.* § 321J.12(4). Finding no legal error in the court's ruling, we affirm the denial of Cheney's motion to suppress.

As to sentencing, Cheney argues the court improperly equated his disappointment with the suppression ruling with a lack of remorse in imposing a sentence harsher than that recommended by the parties.[3] During his statement of allocution at the time of sentencing, Cheney advised the court of his displeasure with the court's suppression ruling. The court responded:

> Mr. Cheney, I was not the judge who heard the suppression hearing, but I trust that the court's decision in that matter is sound by facts and law. More importantly, aside from that issue, you seem to have a complete lack of remorse for your actions here.
> . . . .
> Whether or not the suppression issue has any validity or not, . . . you don't seem to be concerned at all or remorseful for your

---

[3] Cheney also seems to argue the court should not have considered his lack of remorse, because it was clear he intended to appeal the denial of his motion to suppress and he should not have been required to make any admissions, which could have been used against him in a later trial if the denial was overturned on appeal.

Following the pronouncement of sentence, defense counsel requested the court to not consider Cheney's lack of remorse, noting his "reluctance to make any admissions regarding whether he was factually guilty" given "the posturing of the case." The court responded, "[W]hile the court certainly understands that defendant may be in a position where he doesn't want to make any admissions, that's very different than showing some remorse, and he's shown none so that doesn't change my mind."

On appeal, Cheney echoes his argument that the court should not have considered his lack of remorse. Because Cheney has failed to support his argument with any citations to legal authority, we deem the argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3). In any event, "a defendant's lack of remorse is highly pertinent to evaluating his need for rehabilitation and his likelihood of reoffending." *State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005).

actions in driving while you were intoxicated. That's concerning to me because particularly on a second offense [OWI] when there's . . . two prior alcohol-related incidents, that whatever we've done in the past to try to rehabilitate you hasn't been sufficient, and that without doing that, there . . . exists a risk to the community so it's something that you do need to get a handle on here and make sure that we don't have a re-occurrence of these types of events.

The court's statements make clear that the court did not equate Cheney's disappointment with the suppression ruling as a lack of remorse as alleged by Cheney. The court clearly stated it was considering Cheney's lack of remorse "aside from" his statements about the suppression ruling. We are unable to label this as legal error or an abuse of discretion and, consequently, we affirm the sentence imposed. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (setting forth standard of review).

**AFFIRMED.**