### STATE OF MAINE *vs.* EDWARD J. MORIN.

### York.    Opinion July 18, 1911.

*Lord's Day. Sunday. Opening Drug Store. Criminal Law. Revised Statutes, chapter 125, section 25.*

Revised Statutes, chapter 125, section 25, making it an offense for any person to keep open his shop, workhouse, warehouse or place of business on the Lord's Day, to wit, Sunday, does not prohibit a druggist from going into his shop or store on that day to prepare or compound a prescription in case of sickness, or from entering for the purpose of doing any act of necessity or charity. The statute means that one shall not keep open his shop, workhouse, warehouse or place of business for the purpose of inviting trade, or inviting people to enter to transact business, or to work therein.

Where the defendant was on trial, under Revised Statutes, chapter 125, section 25, for keeping his drug store open on Sunday, *held* that an instruction that the defendant might enter his store on Sunday to fill a prescription for a medicine which was required for the treatment of disease was not inconsistent with an instruction that he could not keep his store open on Sunday even to sell drugs.

On exceptions by defendant.    Overruled.

Complaint and warrant issued by the Sanford Municipal Court against the defendant for an alleged violation of the provisions of Revised Statutes, chapter 125, section 25.    The defendant appealed to the Supreme Judicial Court, and on trial in that court was found guilty.    The defendant excepted to certain instructions given to the jury by the presiding Justice.

The case is stated in the opinion.

Revised Statutes, chapter 125, sections 25 and 27, read as follows :

"Sec. 25.    Whoever, on the Lord's Day, keeps open his shop, workhouse, warehouse or place of business, travels, or does any work, labor or business on that day, except works of necessity or charity; uses any sport, game or recreation ; or is present at any dancing, public diversion, show or entertainment, encouraging the same, shall be punished by fine not exceeding ten dollars.

"Sec. 27.    The Lord's Day includes the time between twelve o'clock on Saturday night and twelve o'clock on Sunday night."

*Frederick A. Hobbs*, County Attorney, for the State.

*Hiram Willard*, for defendant.

SITTING :    SAVAGE, SPEAR, CORNISH, KING, BIRD, HALEY, JJ.

HALEY, J.    This is a complaint and warrant issued by the Sanford municipal court, charging the respondent with the crime of keeping open his store, in Sanford, on Sunday, April 24, 1910, in violation of the statute against keeping open shops, workshops, warehouses, or place of business on the Lord's day.    (Sec. 25, chap. 125, R. S. of Maine.)

The case was taken on appeal to the Supreme Judicial Court, and tried to a jury at the May term, 1910 ; the verdict was guilty, and the respondent brings the case forward upon exceptions to the following instructions of the presiding Justice :

"I have read to you the statute, that no person shall keep open his store, or shop, or warehouse.    This is the gravamen of the charge, that they should not be kept open to invite customers in as

on week days, but should be closed. That is apart from the second clause which says he shall not do business except works of necessity or charity. It is immaterial under the first clause what kind of business he intends to do when he gets in there. It is immaterial whether he intends to do the ordinary business exclusively which he does on week days. It is immaterial whether that business includes drugs or not. He is prohibited from keeping open his store in the ordinary course of business as on week days even for the purpose of selling drugs. He might open his store and enter it for the purpose of filling a prescription for a medicine which was required for the treatment of disease, that would be a matter of necessity or charity, but he cannot keep open his store for the purpose of selling drugs including all kinds of merchandise during the day, as on week days. That is the thing which is not to be permitted by the statute; it is what is prohibited by the statute, and I cannot ignore it and you violate your oaths if you ignore it.

"Now the state says there can be no reasonable doubt, therefore, that this defendant kept his store open on that day for the purpose of doing business generally, including the sale of drugs, if anybody called for drugs, also including all other kinds of merchandise which are not drugs and which do not involve the doing of any business of necessity or charity, although I tell you distinctly, for the purpose of this trial, that he has not a right to keep open his store in the ordinary course of business even for the purpose of selling drugs although that should be his primary purpose. It is immaterial whether the business be deemed one of necessity or charity; he has no right to keep open his store for that purpose. That is what the law prohibits."

Sec. 25, chap. 125, R. S., makes it an offense for any person to keep open his shop, workhouse, warehouse, or place of business on the Lord's day. The proper construction of the statute does not mean that one is prohibited from going into his shop to prepare or compound a prescription in case of sickness, or from entering for the purpose of doing an act of necessity or charity. One may enter his shop for many purposes and not violate the statute. The entering of the shop would not be keeping open shop within the meaning

of the statute. The statute means that one shall not keep open his shop, workhouse, warehouse, or place of business for the purpose of inviting trade, or inviting people to enter to transact business, or to work therein.

The instruction is complained of because the court stated that the defendant might open his store and enter it for the purpose of filling a prescription for a medicine which was required for the treatment of disease, and it is urged that such instruction is inconsistent with the instruction that he had no right to keep open his shop, even for the purpose of selling drugs. The opening of his store and entering it for the purpose of furnishing a medicine then needed for sickness, would not be keeping open shop within the meaning of the statute ; it would not be keeping open shop in a manner to invite trade, or to invite people to enter to transact business, or doing work therein. The opening would only be that the defendant might do an act of necessity or charity— furnish medicine to aid the sick and suffering, not to induce others to enter to trade or transact business. The instructions are inconsistent only when sentences are taken from different parts and compared with each other ; taken as a whole they correctly state the law.

The statute of Massachusetts, similar to the statute under discussion, was construed as above in *Commonwealth* v. *Dextra*, 143 Mass. 28, in which case, as in this, the complaint contained the words, "his said labor, business and work not being then and there works of necessity or charity," and the court held that the words might be rejected as surplusage. The same construction was placed upon the statute in *Commonwealth* v. *Osgood*, 144 Mass. 362, and in *Commonwealth* v. *Kirshen*, 194 Mass. 152, the construction complained of was held a proper construction of the statute.

*Exceptions overruled.*