THE STATE OF OHIO, APPELLEE, *v.* MAYNARD, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* DAVIS, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* GOLDBERG, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* WOHLSTEIN, APPELLANT.

[Cite as State v. Maynard, 1 Ohio St. 2d 57.]

(Nos. 38703, 38704, 38705 and 38706—Decided December 29, 1964.)

58

*Mr. John C. Young,* city prosecutor, *Mr. Howard P. Lowe* and *Mr. Jack D. Shumate,* for appellee.

*Messrs. Schwartz, Gurevitz & Schwartz* and *Mr. Richard F. Swope,* for appellants.

O'NEILL, J.   Appellants assert that the Municipal Court erred when it failed to sustain defendants' motions to dismiss the actions on the ground that the court had no jurisdiction in each cause because an affidavit was filed rather than a complaint, as required by Section 3773.24, Revised Code.

In each case, an affidavit was filed by a private citizen charging that the named defendant, on a certain day, "did unlawfully engage in common labor on Sunday." The sale of a specific article for a specific price is set forth in each affidavit. Summons was issued by the clerk of court in each case notifying the defendant that he had been cited for a violation of Section 3773.24, Revised Code.

The first question to be decided by this court is: Does Section 3773.24, Revised Code, require that a prosecution for violation of that section must be commenced by filing a complaint rather than an affidavit?

The pertinent part of this section reads as follows: "* * * In prosecutions under this section complaints shall be made within ten days after a violation. * * *"

The appellants assert that *this language requires* a prosecution for violation of the section to be commenced by filing a form of process described as a "complaint" in Section 2935.17 (B), Revised Code, and further that it prohibits the use of an affidavit to commence such prosecution.

The appellants' position is not well taken.

Section 2935.09, Revised Code, effective January 1, 1960, provides two methods by which the arrest and prosecution of a person can be caused (except in cases provided for in Sections

2935.02 to 2935.08, inclusive, Revised Code, which do not apply here). One method is the filing of an affidavit with a judge or clerk of a court of record or with a magistrate, and the second is by filing an affidavit with the prosecuting attorney or attorney charged by law with the prosecution for the offense, who, in turn, shall file a complaint. In each of these cases, the individual who signed the affidavit chose the first method which was proper.

Assignments of error that "acts did not constitute common labor" and that "defendant appellant was charged with selling an item exempt under Section 3773.24(A), Revised Code," are not supported by the records.

The questions raised by assignments of error that "Section 3773.24, Revised Code, is unconstitutional" were reviewed and decided by this court in State v. Kidd (1958), 167 Ohio St., 521.

The judgments of the Court of Appeals are, therefore, affirmed.

*Judgments affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, GRIFFITH and HERBERT, JJ., concur.

GIBSON, J., concurring in part. I concur except that in my opinion by the language of Section 3773.24, Revised Code, "In prosecutions under this section complaints shall be made within ten days after a violation," the word, "complaints," is generic and is intended as a period of limitation upon the commencement of any prosecution for a violation of Section 3773.24 regardless of whether the prosecution is commenced by affidavit or complaint pursuant to Section 2935.09, Revised Code.

In State v. Goldberg (No. 38705), the affidavit charges that "* * * one George Goldberg * * * did unlawfully engage in *common labor,* to-wit: supervise and assist in the sale of general merchandise * * *." (Emphasis added.) The bill of exceptions shows that Goldberg was the assistant manager of the store involved, with supervisory responsibility for all aspects of personnel, merchandising of goods, and instruction of employees, and that he had no regular working hours. If an assistant store manager, who supervises and assists in the sale

of general merchandise, is engaged in common labor, then the adjective, "common," becomes meaningless. This defendant was not engaged in common labor as I interpret that phrase in Section 3773.24, Revised Code.