206

The State of Ohio, Appellant, *v.* Footlick et al., Appellees.

(No. 38978—Decided June 2, 1965.)

*Mr. James K. Leedy,* prosecuting attorney, and *Mr. Richard Kauffman,* for appellant.

*Messrs. Funk, Funk & Eberhart, Mr. Edward K. Eberhart, Messrs. Jones, Day, Cockley & Reavis* and *Mr. Arthur L. Dougan,* for appellees.

Brown, J. The question upon which this cause was certified to this court has meanwhile been determined adversely to the position taken by the Court of Appeals for Wayne County, in the case of *State* v. *Maynard* (decided December 29, 1964), 1 Ohio St. 2d 57, in which the syllabus reads:

"The arrest and prosecution of a person for violation of Section 3773.24, Revised Code (Sunday Closing Law), can be caused by two methods: (1) by filing an affidavit with a judge or clerk of a court of record or with a magistrate and (2) by filing an affidavit with the prosecuting attorney or attorney charged by law with the prosecution for the offense, who, in turn, shall file a complaint. (Section 2935.09, Revised Code.)"

However, "certification of the record of a case to the Supreme Court because of conflict between judgments of Courts of Appeals upon any question, brings the entire case before the Supreme Court for review." *Couk* v. *Ocean Accident & Guarantee Corp., Ltd.,* 138 Ohio St. 110; *Pettibone* v. *McKinnon,* 125 Ohio St. 605. Therefore, we consider the error additional to the error which was the basis of the certification, which error if well made would justify the judgment of the Court of Appeals.

Section 3773.24, Revised Code, as pertinent here, reads:

"No person, firm, or corporation shall engage in common labor or suffer or permit a building or place to be open for transaction of business, or require a person in his employ or under his control to engage in common labor or to open a build-

ing or place for the transaction of business on Sunday. * * *
"This section does not apply to work of necessity or charity * * *."

Defendants contend that a drugstore which dispenses needed drugs on a Sunday is a work of necessity, and that once the store is opened for such purpose it may also sell other items which are not such as to make their sale on Sunday arguably a work of necessity.

A similar argument was advanced in the case of *State* v. *Fantastic Fair and Karmil Merchandising Corp.* (1962), 158 Me. 450, 186 A. 2d 352, wherein the statute, among other things, excepted from its operation "stores selling gifts or souvenirs." In the opinion it is stated at page 464: "They [respondents] say in substance that a store selling gifts or souvenirs is by the statute unrestricted in its sale of other goods. We do not think the language compels the conclusion that a store selling gifts or souvenir post cards on Sunday may tack on a line of hardware, or clothing, or electrical appliances. *Such a construction would completely destroy all reasonable meaning of the provisions exempting certain types of business.*" (Emphasis added.)

Since our statute also excepts from its operation work of necessity, the reasoning of the above-emphasized sentence is applicable and persuasive. To hold otherwise and permit unrestricted sales would be to render the statutory limitation meaningless. What constitutes work of necessity is a question of fact dependent on the circumstances surrounding the particular case. *State* v. *Kidd*, 167 Ohio St. 521.

The statute here provides that no person shall open or cause to be open a building or place for the transaction of business on Sunday, with certain specified exceptions. The evidence shows conclusively that the defendants by selling the items listed were doing precisely that. The fact that the defendants were also offering for sale other items which consisted of drugs or medicine does not excuse the violations charged and clearly proved. This is particularly so when we observe that the operation of a drugstore on Sunday is within the prohibition of keeping an open shop. *State* v. *Morin* (1911), 108 Me. 303, 80 A. 751. The exception of work of necessity does not extend to all sales of

drugs or medicinal preparations merely by reason of their character as such, and such sales are permitted to be made as exceptions only when they are in fact matters of necessity under the circumstance as they exist. *Penniston* v. *City of Newman* (1903), 117 Ga. 700, 45 S. E. 65.

The judgment of the Court of Appeals is, therefore, reversed, and the judgment of the Wooster Municipal Court is affirmed.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, O'Neill and Herbert, JJ., concur.

Schneider, J., concurring in the judgment. Appellees did not raise and brief two questions which, by reason of the sweeping amendments of 1959 (128 Ohio Laws 1219), are again timely: (1) The constitutionality of Section 3773.24, Revised Code, as amended, whereunder vast numbers of persons are no longer embraced within the protection of that legislative "wisdom (which) requires that men should refrain from labor at least one day in seven" (*Bloom* v. *Richards*, 2 Ohio St. 387); and (2) a subjective interpretation, from the purchaser's viewpoint, of "necessity."

For that reason alone, I concur in the judgment.