CITY OF CLEVELAND HEIGHTS, APPELLEE, *v.* GULKO, APPELLANT.

[Cite as Cleveland Heights v. Gulko (1970), 24 Ohio App. 2d 17.]

(No. 29515—Decided October 22, 1970.)

*Mr. King A. Wilmot,* director of law, and *Mr. Roger G. Chagnon,* for appellee.

*Messrs. Selker, Patchan & Einbund,* for appellant.

*Per Curiam.* Defendant, appellant herein, Irving Gulko, assigns four errors. His argument of weight is, in essence, that his conviction for Sunday sales rests under a statute creating arbitrary and unreasonable classifications in violation of the doctrine of equal protection. The statute in issue is R. C. 3773.24.

As an intermediate Court of Appeals, we have not the authority to initiate a fresh consideration of the constitutionality of the policy reflected in the statute. In our view, the federal constitutional question is foreclosed by *McGowan* v. *Maryland* (1961), 366 U. S. 420, 6 L. Ed. 2d 393; *Gallagher* v. *Crown Kosher Super Market of Massachusetts, Inc.* (1961), 366 U. S. 617, 6 L. Ed. 2d 536; *Two Guys from Harrison-Allentown, Inc.,* v. *McGinley* (1961), 366 U. S. 582, 6 L. Ed. 2d 551; and *Braunfeld* v. *Brown* (1961), 366 U. S. 599, 6 L. Ed. 2d 563; although we find the dissents more persuasive.

We are similarly foreclosed from a new consideration of the Ohio constitutional question by *State* v. *Kidd* (1958), 167 Ohio St. 521; *cf. State* v. *Footlick* (1965), 2 Ohio St. 2d 206, 208. It may be, as the concurring opinion in *Footlick*

intimates, that a new look at the constitutionality of R. C. 3773.24 is timely in the light of its 1959 amendments. That is for the Supreme Court of Ohio. Nonetheless, there is precept for an intermediate court suggesting it (see *Smith* v. *Flesher* [1967], 12 Ohio St 2d 107, 109) and we do so.

*Judgment affirmed.*

DAY, C. J., and WASSERMAN, J., concur.
WHITE, J., not participating.