Argued July 17, affirmed October 2, 1978

STATE OF OREGON, *Appellant,*
*v.*
DANIEL HILDITCH, *Respondent.*
(No. M-78-33, CA 10638)
584 P2d 376

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for the appellant. With him

on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Melvin E. Smith, Roseburg, argued the cause for respondent. With him on the brief was Geddes, Walton, Richmond, Nilsen & Smith, Roseburg.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

Defendant was charged with driving while under the influence of intoxicants, ORS 487.540. Prior to trial, he moved to suppress the results of a breathalyzer test administered to him by the police following his arrest on the ground that he was not given a reasonable opportunity to obtain an independent chemical test of his blood as required by ORS 487.810, which provides in pertinent part:

> "In addition to a chemical test of the breath, blood, urine or saliva administered upon the request of a police officer, a person arrested for driving a motor vehicle upon the highways of this state while under the influence of intoxicants *shall be permitted upon request, at his own expense, reasonable opportunity* to have any licensed physician and surgeon, licensed professional nurse or qualified technician, chemist or other qualified person of his own choosing administer a chemical test or tests for the purpose of determining the alcoholic content of his blood. * * *" (Emphasis supplied.)

Defendant was arrested at 2:25 a.m. on January 6, 1978, and was administered the breathalyzer test at about 3:20 a.m. Defendant then requested that he be taken to the local Veterans' Hospital to have an independent blood test because he was entitled to free medical services there. Instead, he was taken to a community hospital and was refused a blood test because he did not have the money to pay for it. Defendant was then allowed to call his wife at their home about 16 miles from the hospital to bring him the funds to pay for the blood test. However, the arresting officer removed defendant from the hospital and returned him to the jail after waiting only fifteen minutes for defendant's wife to arrive although he testified that he knew it would take her at least 30 minutes to reach the hospital. Defendant attempted to obtain a blood test several hours later when he was released on bail, but was told by the hospital staff that due to the long lapse of time it would serve no purpose.

■ The trial court granted defendant's motion and the state appeals. We conclude that defendant was not given a reasonable opportunity to obtain an independent chemical test of his blood as required by the statute.

■ In reaching the foregoing conclusion, we do not imply that ORS 487.810 requires that the police take defendant to the hospital he requested, or for that matter any hospital. The statute requires only that a person arrested be given a "reasonable opportunity" to have a test administered by a person of his own choosing. The critical fact here is that the police, having undertaken to take defendant to the hospital, did not allow reasonable time for the defendant's wife to bring the funds, and thus defendant was denied his statutory right.

■ The question remains whether the trial court erred in suppressing the results of the breathalyzer as a remedy for the violation of the statute. The state argues that ORS 487.810 expressly precludes the trial court from doing so. We disagree. The statute provides in pertinent part:

> "* * * The *failure* or *inability* to obtain such a test or tests by a person shall not preclude the admission of evidence relating to a test taken upon the request of a police officer." (Emphasis supplied.)

While a literal reading of this provision supports the state's argument, this language must be construed consistently with the remainder of the statute which requires that an arrestee be given the opportunity to obtain an independent chemical analysis. Thus, we think the term "failure" to obtain a blood test must refer to the situation where an arrestee makes no effort or request to obtain a test. Likewise, "inability" to obtain a test refers to the situation where, for some reason independent of the conduct of either the arrestee or the police, such as loss of the blood sample by the hospital performing the test, an independent chemical analysis cannot be obtained. Where, as here,

the arrestee does not obtain an independent test because he is denied a *reasonable* opportunity to do so by the police, there is neither a "failure" nor an "inability" to obtain a test under the statute. To construe the provisions of ORS 487.810 in any other manner would be to render meaningless the requirement of the statute that the arrestee be given the opportunity to obtain an independent chemical analysis of his blood, and would allow the police to profit from their own misconduct in preventing an arrestee from obtaining such a test. The trial court did not err in ordering the results of the breathalyzer suppressed for violation of the statute.

Affirmed.