The STATE of Ohio, Appellant,

v.

MYERS, Appellee.

[Cite as *State v. Myers* (1990), 66 Ohio App.3d 717.]

Court of Appeals of Ohio,
Washington County.

No. 89 CA 21.

Decided June 8, 1990.

*Robert J. Pioli,* Assistant Law Director, for appellant.

*Fogel & Frazier* and *Janet A. Fogel,* for appellee.[1]

---

1. Appellee filed no brief in the court of appeals.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Marietta Municipal Court sustaining a motion to suppress filed by Gary E. Myers, defendant below and appellee herein. The state of Ohio, plaintiff below and appellant herein, assigns the following errors:

"The trial court erred in finding that the officer intercepted an attorney-client conversation and consequently erred in suppressing the refusal because of an alleged interception."

On November 14, 1988, appellee was stopped by Trooper T.L. McGill of the State Highway Patrol. Appellee had been driving in a very erratic manner. A strong odor of alcohol was present about appellee's person. He was subsequently charged with driving under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1) and failure to wear a seat belt in violation of R.C. 4513.263. Appellee was advised of his constitutional rights and was transported to the State Highway Patrol post.

Upon arrival at the post, appellee was again advised of his rights. Appellee then requested an attorney, *i.e.*, Janet Fogel. After a short phone conversation with appellee, Fogel spoke with McGill and requested an opportunity to speak with appellee privately over the phone. McGill informed Fogel that it would not be possible to leave appellee alone with the phone because there were no secure areas within the post. Appellee spoke with Fogel again for a short period. After finishing his conversation with Fogel, appellee was shown an implied consent form of which he acknowledged understanding. Appellee then refused to take a breathalyzer test.

On December 8, 1988, appellee filed a motion to suppress evidence of his refusal to take the breathalyzer test. After three hearings, the Marietta Municipal Court granted appellee's motion, relying heavily upon the Ohio Supreme Court's decision in *State v. Milligan* (1988), 40 Ohio St.3d 341, 533 N.E.2d 724.

In its sole assignment of error, appellant asserts that the court below erred in granting appellee's motion to suppress his refusal to submit to the breathalyzer test. We agree with appellant's contention and, accordingly, reverse.

The basis for the lower court's opinion and judgment was the Supreme Court's holding in *Milligan, supra.* In that case, Milligan, the defendant, was in jail. He was removed from his cell so that he could contact an attorney. While Milligan was talking to his attorney, temporary jail director Robert Bartlett was in the room with him. Unbeknownst to Milligan, Bartlett was tape recording Milligan's side of the conversation. The Supreme Court held that Milligan had an expectation of privacy while conversing with his attorney

even though Bartlett was in the same room. The court concluded that the evidence Bartlett procured through the unauthorized interception of a private conversation was obtained in violation of Milligan's constitutional rights to counsel.

The court went on to determine what remedy, *i.e.*, suppression of the evidence illegally obtained or dismissal of the charges, is appropriate in cases involving an unlawful interception. The court adopted a balancing test formulated by the United States Supreme Court in *Weatherford v. Bursey* (1977), 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30. That test necessitates balancing the following factors:

"(1) whether the government deliberately intruded in order to obtain confidential and privileged information, (2) whether the government obtained directly or indirectly any evidence which was or could be used at trial as a result of the intrusion, (3) whether any information obtained was or could be used in any manner detrimental to the defendant, and (4) whether details about trial preparation were learned by the government."

The lower court reasoned that because Officer McGill refused to leave the room and allow appellee to converse privately with his attorney, there was an "unauthorized interception" of appellee's call as occurred in *Milligan*. We find the lower court's reliance on *Milligan* unpersuasive for the following reasons.

 First, we note that the *Milligan* analysis was based upon a constitutional violation of Milligan's right to counsel. In the case at bar, there was no constitutional violation because appellee had no constitutional right to counsel at the time in question. The Ohio Supreme Court in *McNulty v. Curry* (1975), 42 Ohio St.2d 341, 71 O.O.2d 317, 328 N.E.2d 798, held that the stage of an investigation where a defendant is requested to undergo a breathalyzer test is not a "critical stage" and therefore there was no constitutional right to counsel. Accordingly, since there was no constitutional violation, the exclusionary rule is not applicable and, therefore, suppression of evidence was not necessary. See *Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 18 O.O.3d 435, 416 N.E.2d 598; *State v. Myers* (1971), 26 Ohio St.2d 190, 55 O.O.2d 447, 271 N.E.2d 245.

 We next find that the court below erred in its determination that there had been an "unauthorized interception" of appellee's phone call merely because McGill would not leave appellee alone in the room. The Supreme Court did not define the term "intercept" in *Milligan;* therefore, we must

look to other sources for a definition. For purposes of Section 2510 *et seq.*, Title 18, U.S.Code, dealing with wire interception and interception of oral communications, "intercept" is defined as "the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." Both the definition set forth in R.C. 2933.51(C), for purposes of Ohio's wiretapping law, and that in Black's Law Dictionary (5 Ed.1979) 728, are identical to the federal definition, *supra.* In Webster's Ninth New Collegiate Dictionary (1989) 630 ("Webster's"), "intercept" is defined as follows: "1. *obs[olete]:* PREVENT, HINDER; 2. to stop, seize, or interrupt in progress or course or before arrival; 3. *obs[olete]:* to interrupt communication or connection with * * *."

■ We find none of the above definitions to encompass what we believe the Supreme Court intended in *Milligan.* Under the legal definitions, no interception would have occurred in *Milligan.* See, *e.g., United States v. McLeod* (C.A.7, 1974), 493 F.2d 1186 (no interception occurred where agents stood close enough to defendant to hear a telephone conversation without any aids). Thus, the Supreme Court intended a broader definition than that used in wiretap laws. Under the first, obsolete, definition in Webster's, the actions of McGill could constitute an interception of appellee's phone call with his attorney—*i.e.,* McGill's refusal to leave the room hindered appellee's communication because his attorney believed he (appellee) could not speak freely. However, we conclude that the Supreme Court did not intend such a broad definition. We find that a proper definition of "intercept" for the purposes of *Milligan* is the unauthorized aural acquisition of the contents of any communication between a defendant and his attorney.

■ We will now apply the foregoing analysis to the case at bar. Patrolman McGill testified at the suppression hearing that when appellee indicated that he wanted to contact an attorney, appellee was given access to a phone. While appellee was talking on the phone, McGill testified that he was talking to another officer in the room and heard none of appellee's conversation. From this evidence, it is clear that no interception occurred.

Even if there had been an interception, we conclude that the evidence the lower court suppressed—*i.e.,* the refusal to submit to a breathalyzer test—was not obtained through the interception. Apparently, appellee's counsel advised him to refuse to submit to the test because McGill would not leave the room and allow appellee to speak on the telephone privately with his attorney. From the evidence presented at the suppression hearings, appellee's attorney

asserted that because McGill would not leave the room, she could not ask pertinent questions concerning appellee's drinking.

■ Based upon this evidence, the court below suppressed the refusal to submit to the breathalyzer test on the grounds that such evidence was obtained through an unlawful interception. The only way the lower court's holding would be justified is if suppression was proper where there is the mere possibility of an interception—*i.e.*, if appellee's attorney had asked questions, McGill might have overheard appellee's answers. We hold the proper interpretation of *Milligan, supra,* to be that a court may suppress evidence which has actually been intercepted or derived from evidence actually intercepted.

Since the refusal in the case at bar was neither intercepted nor derived from evidence intercepted, it is admissible at trial. Accordingly, the judgment of the court below is reversed and the cause is remanded for further proceedings consistent with these proceedings.[2]

*Judgment reversed*
*and cause remanded.*

HOMER E. ABELE, P.J., and HARSHA, J., concur.

HARSHA, J., concurring.

I concur in judgment and opinion but write separately to emphasize several points. First, *Milligan, supra,* is clearly not applicable to the facts in this

---

2. We note that there are other issues involved in whether a refusal to submit to a breathalyzer test is admissible as evidence. First, did McGill's refusal to allow appellee to speak privately with his attorney amount to a denial of his statutory right to counsel codified in R.C. 2935.20? While ordinarily suppression is not warranted where a statutory violation occurs, see *Kettering v. Hollen, supra,* in some circumstances, a denial of the statutory right may necessitate a conclusion that legally no refusal to take the test occurred. See *McNulty v. Curry, supra; Worthington v. Mily* (Feb. 10, 1983), Franklin App. Nos. 82AP–376 and 82AP–376, unreported, 1983 WL 3351. Second, does a denial of the statutory right to counsel amount to a constitutional violation? The court in *State v. Scarlett* (Sept. 3, 1987), Montgomery App. No. 10376, unreported, 1987 WL 16568, held that a complete refusal by police officers to allow a defendant to contact counsel until after a breathalyzer test had been administered amounted to a violation of the Fourteenth Amendment Due Process Clause and, therefore, the results of the test, and presumably a refusal to take the test, would have to be suppressed. However, see, also, *State v. Bauer* (Mar. 17, 1988), Franklin App. No. 87AP–773, unreported, 1988 WL 33597, where the court held in a case with a fact pattern virtually identical to that in the case *sub judice* that the refusal was admissible. The court below found no violations with respect to the aforementioned issues. Since appellee did not cross-appeal, we need not address whether the court made the proper determination.

case. As can be seen from a review of the record, including opening statements of counsel at the first suppression hearing, the issue in this case involves interference with the defendant's right to consult privately with counsel, and not with an interception of a discussion between them. Defendant, in this case, made the argument in the trial court that they were unable to talk candidly because of the presence of the arresting trooper. Surely, the state cannot be charged with overhearing a conversation that did not take place. Absent an interception, *Milligan* and the balancing test do not apply.

In essence, defendant's motion to suppress argues that the "chilling effect" of the trooper's presence prevented his counsel from being able to fully advise him on his decision of whether to take the breathalyzer test. This chilling effect, defendant argues, resulted in a violation of his statutory right under R.C. 2935.20 to consult with an attorney and his federal constitutional right under the Fourteenth Amendment to due process. As the principal opinion points out, appellee did not file a cross-appeal or even cross-assignments of error. Accordingly, I agree we need not consider whether the trial court's judgment, while erroneously based on *Milligan,* can be supported by another legal rationale.

Finally, I also note that the state was required under Crim.R. 12(J) to certify that the granting of the motion has rendered the state's proof so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. Given that only the defendant's refusal to take the test was suppressed by the trial court and that all the subjective observations of the trooper and his partner were available for presentation to the jury, a challenge to the certification would have presented jurisdictional questions to this court.