DECISION AND JUDGMENT ENTRY
Appellee William Matheny was charged with operating a motor vehicle while under the influence of alcohol. Following a hearing, the trial court granted appellee's motion to suppress the results of the blood alcohol content (BAC) test. The state appeals this judgment and assigns the following error:
 THE TRIAL COURT IMPROPERLY FOUND THAT A VIOLATION OF R.C. § 2935.20 OCCURRED AND THAT SUCH WARRANTED SUPPRESSION OF THE RESULTS OF A CHEMICAL BREATH TEST.
After careful review of this matter, we are forced to reverse the trial court's judgment.
Officer Ralph Harvey of the Athens Police Department observed appellee traveling approximately forty-five to fifty miles per hour in a thirty-five miles per hour zone. He also saw appellee "creep" into an intersection when the light was red, blocking the lane of traffic. Based on these traffic violations, Officer Harvey stopped appellee's vehicle.
After appellee performed poorly on various field sobriety tests, he was arrested for driving under the influence of alcohol in violation of Athens City Code 7.03.07(A)(1) and (A)(3), which parallel R.C. 4511.19(A)(1) and (A)(3). Appellee was transported to the Athens Police Department.
Officer Harvey instructed appellee on the consequences of taking or refusing to take the BAC test and then read appellee his Miranda rights. Appellee refused to sign the Miranda waiver and indicated that he wished to consult with an attorney. Officer Harvey then told appellee that if he did not take the BAC test, he would be marked down as a refusal. Appellee was again asked if he wished to take the test and told he could contact a lawyer at the jail. Appellee then decided to take the test which indicated that he had .168 grams of alcohol per 210 liters of breath.
Relying on this Court's decision in State v. Weaver (1993),86 Ohio App.3d 427, the trial court suppressed the BAC test results. The state appealed asserting that suppression was improper.
In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. See, e.g.,State v. Mills (1992), 62 Ohio St.3d 357, 366, citing State v.Fanning (1982), 1 Ohio St.3d 19, 20; see, also, State v. Dreher
(July 28, 1992), Highland App. No. 786, unreported. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Fausnaugh (Apr. 30, 1992), Ross App. No. 1778, unreported. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether, they meet the applicable legal standard. Dreher, supra; Fausnaugh, supra. The policy of early determination by means of suppression hearing applies not only to constitutional issues but also to non-constitutional claims capable of determination without a trial on the general merits.State v. Ulis (1992), 65 Ohio St.3d 83, 85.
Here, we must decide whether the officer's failure to comply with appellee's request to consult with an attorney prior to submitting to a BAC test requires suppression of the test results. Reluctantly, we must conclude that it does not and that the trial court's reliance on State v. Weaver (1993), 86 Ohio App.3d 427, was misplaced in light of Supreme Court of Ohio case law.
In Weaver, the defendant was given a BAC test upon which he produced .17 grams of alcohol per two hundred ten liters of his breath. He then requested to be transported somewhere else for another test. The defendant was taken to the jail where he advised the jailer of his request for another test and asked to make a phone call to arrange for a blood test. He was instead placed in a holding cell and was never given access to a telephone or another test. Id. at 42B-429.
Under R.C. 4511.19(D), a person may have a physician, nurse or qualified technician or chemist administer a chemical test or tests in addition to the one administered at the request of a police officer. Furthermore, the person "shall" be advised of his right to another test. In Weaver, we held that "where an accused in an R.C. 4511.19(A)(3) prosecution is denied access to a telephone despite his requests to arrange an independent chemical test, the test conducted by the law enforcement officials must be suppressed." Id. at 432. In doing so, we distinguished the facts from those in State v. Myers (1971),26 Ohio St.2d 190, and found that the appellant suffered prejudice as a result of the denial of his statutory rights. Id. at 431.
Here, appellee asked to speak to an attorney prior to taking the BAC test but never requested a second test. Based on the police officer's testimony, it is unclear whether appellee was informed that he was entitled to a second test if he wished. However, the Supreme Court of Ohio has clearly held that "[t]he failure to advise a person chemically tested for * * * the concentration of alcohol in his blood, * * * that he `may have a physician, a registered nurse, or a qualified technician or chemist of his own choosing administer a chemical test or tests in addition to any administered at the request of a police officer,' as required by R.C. 4511.19(D)(3), does not render the results of a police-administered test inadmissible * * *."Hilliard v. Elfrink (1996), 77 Ohio St.3d 155, syllabus, citingState v. Myers (1971), 26 Ohio St.2d 190, paragraph one of the syllabus. Therefore, even assuming that appellee was never informed of his rights in this regard, the BAC test could not be suppressed for that type of violation.
The question we must answer is whether the BAC test should be suppressed due to the officer's failure to honor appellee's request to consult with counsel. In addition to the traditional constitutional rights to counsel, the legislature has provided additional rights to counsel in R.C. 2935.20, which reads:
 After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel. Such communication may be made by a reasonable number of telephone calls or in any other reasonable manner. Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately. No officer or any other agent of this state shall prevent, attempt to prevent, or advise such a person against the communication, visit, or consultation provided for by this section. * * *
Clearly, the police officer violated appellee's statutory right to counsel under R.C. 2935.20. However, in Fairborn v.Mattachione (1995), 72 Ohio St.3d 345, 346, the Supreme Court of Ohio held that the exclusionary rule is not applicable as a sanction for a violation of the statutory right to counsel under R.C. 2935.20. See, also, State v. Griffith (1996), 74 Ohio St.3d 554. Therefore, we must determine whether appellee's constitutional rights were violated such that suppression is an appropriate remedy.
Relying on Schmerber v. California (1966), 384 U.S. 757,86 S.Ct. 1826, 16 L.Ed.2d 908, the Supreme Court of Ohio held that the right to counsel associated with the protection against self-incrimination contained in the Fifth Amendment to the United States Constitution does not apply to the stage where the officer requests a chemical test for alcohol content. Dobbins v. OhioBureau of Motor Vehicles (1996), 75 Ohio St.3d 533, 537. InSchmerber, the Supreme Court of the United States held that because the results of a test of a defendant's body fluids are non-testimonial, the police do not violate the constitutional prohibition against self-incrimination contained in theFifth Amendment by requesting a blood test upon arrest for driving while under the influence of alcohol. Id., 384 U.S. at 765,86 S.Ct. at 1832-1833, 16 L.Ed.2d at 916-917. Therefore, an appellant has no Fifth Amendment right to consult with an attorney prior to deciding whether to submit to the BAC test.Dobbins at 537.
The Ohio Supreme Court reached a similar holding regarding a defendant's Sixth Amendment right to counsel. In McNulty v.Curry (1975), 42 Ohio St.2d 341, 344, the Court relied on UnitedStates v. Wade (1967), 388 U.S. 218, 87 S.Ct. 1926,18 L.Ed.2d 1149, in holding that a blood test is merely a preparatory step to the critical stage of the prosecution and thus theSixth Amendment does not apply. The Court applied the same standard to BAC tests in Dobbins. Id. at 538.
We must also concur with the Tenth District's conclusion inState v. Layton (1996), 111 Ohio App.3d 76, that the Supreme Court of Ohio necessarily rejected the defendant's due process challenge to the violation of R.C. 2935.20 in Mattachione. In its four to three per curiam decision, the Supreme Court rejected the exclusionary rule as a sanction for violating R.C. 2935.20. Justice Wright, with whom Justices Moyer and Pfeiffer joined, states in his dissent that he found that the police conduct inMattachione violated the defendant's statutory right to confer with counsel and also denied her due process rights and, therefore, the test results should have been suppressed.
The Layton court noted that:
 S.Ct.R.Rep.Op. 2(E)(4) provides that in a per curiam opinion of the Supreme Court, the points of law decided in the case are contained within the text of the opinion and are those necessarily arising from the facts of the specific case before the court for adjudication. Also, at the time the question in Mattachione was certified, certification brought the entire case before the court for review. State v. Footlick (1965), 2 Ohio St.2d 206, 31 O.O.2d 411, 207 N.E.2d 759. Since the second district's decision in Mattachione was based on a due process analysis, the per curiam reversal must have necessarily rejected the due process argument. Justice Wright's dissent lends further support to this conclusion.
 Thus, while the United States District Court of the Northern District of Ohio and the First, Second, Fifth, and Eighth District Courts of Appeals of Ohio have found that acts violating R.C. 2935.20 may also violate the Fourteenth Amendment due process guarantee, in a summary decision, the Ohio Supreme Court has rejected this position.
Id. at 79; see, also, State v. Green (Sept. 30, 1997), Fairfield App. No. 97CA23, unreported. Therefore, we cannot find that appellee's due process rights were violated.
Having found no constitutional violations, we reluctantly conclude that suppression was not a correct remedy for the officer's violation of R.C. 2935.20.[1] Therefore, the judgment of the trial court is reversed and this matter is remanded for further action consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J. ABELE, J.: Concur in Judgment and Opinion
[1] We recognize that this outcome is in contradiction of the rationale in Weaver, supra. However, given the abundant Supreme Court case law on this point, we have no choice. In light ofElfrink, Mattachione, Griffith, Dobbins and McNulty, Weaver's continued viability is questionable. At a minimum, it should be restricted to its unique facts.